Received From
SEATTLE

MAY 15 2006

```
____FILED ____ENTERED
____LODGED____RECEIVED

MAY 12 2006  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

06-CV-05261-CMP

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| WILLIAM T. JOHNSON, | ) **CV6  5261** RJB |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR DAMAGES** |
| THE CITY OF POULSBO, | ) |
| a municipal corporation, | ) |
| and | ) |
| JOHN HALSTED, in his capacity as a | ) |
| police officer for the City of Poulsbo, | ) |
| and as an individual, | ) |
| and | ) |
| KITSAP COUNTY, | ) |
| and | ) |

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 1

ORIGINAL

1

2       JON VANGESEN, in his capacity as            )
        a police officer for Kitsap County,         )
3       and as an individual,                       )
                                                     )
4
                                                     )
5           and                                      )
                                                     )
6       NICOLE MENGE, in her capacity as            )
7       a police officer for Kitsap County,         )
        and as an individual,                       )
8                                                    )
9           and                                      )
                                                     )
10
11      DALE SCHUSTER, in his capacity as           )
        a police officer for Kitsap County,         )
12      and as an individual,                       )
                                                     )
13
                                                     )
14          and                                      )
                                                     )
15      RANDALL  DRAKE, a Washington                 )
16      State Trooper, as an individual,            )
                                                     )
17
                            Defendants.              )
18                                                   )

19

20                          **_INTRODUCTION_**

21

22          1.      This is a civil action seeking damages against the above-named defendants.

23      The civil claims include common law tort causes of action, statutory causes of action, and

24      offenses committed under color of law resulting in a deprivation of rights secured by the

25
26      Constitution and laws of the United States of America.

27                                          **MUENSTER & KOENIG**

28                          JOHN R. MUENSTER, INC., P.S.
                                      1111 THIRD AVE., SUITE 2220
                                      SEATTLE, WASHINGTON  98101
                                              (206)467-7500
        COMPLAINT FOR DAMAGES - 2              FAX: (206)467-0101

### *JURISDICTION AND VENUE*

2.     This Court has personal and subject matter jurisdiction over plaintiff's civil rights claims under Title 42, United States Code, § 1983, and Title 28, United States Code, §§ 1331 and 1343(a)(3).

3.     This Court has pendent jurisdiction over plaintiff's state law claims and over defendants as to said claims, pursuant to Title 28, United States Code, § 1367 (Judicial Improvements Act of 1990), Public Law No. 101-650, 104 Stat. 5089 (1990).

4.     The acts and omissions complained of herein occurred in Kitsap County, Washington, and the defendants are residents and citizens of the state of Washington.

5.     Plaintiff is a resident and citizen of the state of Washington.

6.     Venue in this Court is proper pursuant to Title 28, United States Code, Section 1391.

### *PARTIES*

7.     Plaintiff William T. Johnson is a citizen of the United States and a citizen and resident of the state of Washington.

8.     Defendant Kitsap County is a county organized under the laws of the State of Washington. Defendant Kitsap County is sued directly under Title 42, United States Code, § 1983 and under the doctrine of *respondeat superior*.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 3

9.      Defendant Kitsap County includes, as one of its agencies, the Kitsap County Sheriff's Office.

10.     At all times material to this complaint, defendant Jon VanGesen was a police officer employed by defendant Kitsap County. At all times material to this complaint, defendant VanGesen was an agent and employee of defendant Kitsap County, and was acting within the scope of his employment with Kitsap County, under color of the laws of the State of Washington.

11.     Defendant VanGesen is sued in his individual capacity and in his official capacity as an agent and employee of Kitsap County.

12.     At all times material to this complaint, defendant Nicole Menge was a police officer employed by defendant Kitsap County. At all times material to this complaint, defendant Menge was an agent and employee of defendant Kitsap County, and was acting within the scope of her employment with Kitsap County, under color of the laws of the State of Washington.

13.     Defendant Menge is sued in her individual capacity and in her official capacity as an agent and employee of Kitsap County.

14.     At all times material to this complaint, defendant Dale Schuster was a police officer employed by defendant Kitsap County. At all times material to this complaint, defendant Schuster was an agent and employee of Kitsap County, and was acting within the scope of his employment with Kitsap County, under color of the laws of the State of Washington.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 4

15.    Defendant Schuster is sued in his individual capacity and in his official capacity as an agent and employee of Kitsap County.

16.    Defendant City of Poulsbo is a municipal corporation organized under the laws of the State of Washington.  Defendant City of Poulsbo is sued directly under Title 42, United States Code, § 1983 and under the doctrine of *respondeat superior*.

17.    Defendant City of Poulsbo includes, as one of its agencies, the City of Poulsbo police department.

18.    At all times material to this complaint, defendant John Halsted was employed by defendant City of Poulsbo police department.  At all times material to this complaint, defendant Halsted was an agent and employee of the City of Poulsbo, and was acting within the scope of his employment with the City of Poulsbo, under color of the laws of the State of Washington.

19.    Defendant Halsted is sued in his individual capacity and in his official capacity as an agent and employee of the City of Poulsbo.

20.    At all times material to this complaint, defendant Randall Drake was employed by the Washington State Patrol.  At all times material to this complaint, defendant Drake was an agent and employee of the State of Washington and was acting within the scope of his employment with the State of Washington, under color of the laws of the State of Washington.

21.    Defendant Drake is sued in his individual capacity only.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467 7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## *FACTUAL ALLEGATIONS*

22.     In May, 2003, plaintiff William Johnson resided at 5180 Southwest Daisy Street in Kitsap County. He was the sole owner of the property.

23.     As is further described below, defendants searched his property on May 13, 2003. Mr. Johnson was subsequently indicted on marijuana charges, although he had a permit from his physician permitting him to possess marijuana for medical purposes. *United States v. William Johnson and Jennifer Johnson*, No. CR03-5463FDB (W.D. Wash.).

24.     In the criminal proceeding, Mr. Johnson timely moved to suppress the evidence, contending that the searches and seizures of his property violated the Fourth Amendment to the United States Constitution. The motion was granted by the Honorable Franklin D. Burgess, United States District Judge.

25.     The factual allegations set forth herein are based upon Judge Burgess' order granting Mr. Johnson's motion to suppress evidence. Document No. 49, Case No. CR03-5463FDB. For the Court's convenience, a copy of Judge Burgess' order is attached to this complaint as Exhibit A.

26.     On May 13, 2003, Johnson's daughter, Jennifer Johnson, was arrested for delivery of marijuana to Michael Murphy, a person under investigation by the Westsound Narcotics Enforcement Team (WestNET).

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 6

27.    Murphy had allegedly sold marijuana on two previous occasions to a confidential informant working for WestNET detectives.

28.    On May 13th, Murphy told the informant that he was going to meet a supplier, whom he referred to as "Mrs. Green". Defendant Halsted and other WestNET detectives set up surveillance around Murphy's residence and followed him to a parking lot, where an exchange was made with a female driving a BMW.

29.    Detectives initiated a traffic stop on Murphy and arrested him based on his prior distributions of marijuana.

30.    A search of Murphy's vehicle revealed the package he received from the female at the parking lot. The package contained approximately one-quarter pound of marijuana.

31.    The detectives then stopped the female's vehicle, identified the driver as Jennifer Johnson, and placed her under arrest for distribution of marijuana.

32.    A search of her vehicle resulted in the recovery of a small amount of marijuana and approximately $3,000.00 cash.

33.    After Jennifer Johnson was arrested and in custody, detectives did a police records check which showed that Jennifer Johnson was contacted at plaintiff William Johnson's property in 2000 in relation to a 911 shots fired call.

34.    In 2000, Jennifer Johnson answered the door to a garage/shop (the "shop") when the deputies knocked on it.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 7

35.   At that time, the deputies noted the smell of marijuana and heard the sounds of ballasts coming from the shop.

36.   Jennifer Johnson told them that she was unaware of any shots fired in the area and in response to their questions, told them that her father grew marijuana in the shop for medicinal purposes.

37.   Plaintiff William Johnson also told the deputies that he had not heard any shots fired and that he had a permit to grow the marijuana for medicinal purposes.

38.   The deputies asked to inspect his marijuana, but Johnson refused to allow them to search the shop or his house.

39.   The deputies consulted with the prosecuting attorney, who declined to obtain a search warrant.

40.   The deputies then left the property and no further action was taken against Mr. Johnson.

41.   Defendants Halsted, VanGesen, Menge, Drake and Schuster went to plaintiff's property on May 13, 2003, based on the information they learned from the 2000 report.

42.   Plaintiff was not part of the defendants' earlier investigation of drug-related violations in the spring of 2003.

43.   Plaintiff's name had not come up in defendants' investigations nor had he appeared in any of their surveillances.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 8

44.     Both defendants Halsted and VanGesen testified at the suppression hearing that their purpose in going to Johnson's property was to obtain his consent to search his house and shop and to search for evidence of a crime.

45.     At approximately 8:36 p.m., the defendants arrived at plaintiff's home in three or four unmarked vehicles.

46.     It was after sunset and they had the headlights on in their vehicles.

47.     After driving up the driveway and parking in the paved area between the house and the shop, the defendants got out of their cars.

48.     Defendants Halsted and VanGesen testified at the suppression hearing that they could hear the sounds of ballasts coming from the shop.

49.     Defendant Halsted and one other defendant went to the door of the residence and knocked, but received no answer.

50.     They then crossed the paved area to knock on the shop door.

51.     Defendant Halsted and the other defendants with him allegedly smelled the odor of marijuana coming from the shop.

52.     Defendant Halsted went to the bottom of the driveway to call Kitsap County Superior Court Judge Terry K. McCluskey to make a telephonic application for a search warrant.

53.     Defendant Halsted's request for the warrant was based on the events surrounding the arrest of Jennifer Johnson earlier in the day, the 2000 report and the

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 9

incriminating observations he and the other defendants had made while standing in the paved area and at the door of the shop.

54.    Judge McCluskey issued the warrant.

55.    Shortly after defendant Halsted returned to plaintiff William Johnson's property, plaintiff arrived home from the post office, where he had gone to pick up his mail.

56.    The defendants informed Johnson that he was under arrest and proceeded to search his property.

57.    The defendants seized marijuana plants.

58.    The defendants seized other property belonging to plaintiff.

59.    In the course of the search, defendants damaged plaintiff's property.

60.    Plaintiff was incarcerated and prosecuted as noted above.

61.    Plaintiff's property is located off of S.W. Daisy Lane in a rural area.

62.    Plaintiff's property is surrounded by a fence and woods.

63.    There is no mailbox or house number at the entrance to Johnson's property to indicate the location of his residence.

64.    A paved driveway, which is gated, is the only entrance to the property.

65.    A "No Trespassing" sign is posted on a tree located on the left side of the paved driveway, a few feet from the gate.

66.    The sign is located on the tree at eye level and is made of reflective material.

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467 0101

COMPLAINT FOR DAMAGES - 10

67.     The defendants traveled approximately 144 feet up a hill on the paved driveway to arrive at plaintiff's shop.

68.     The driveway travels up a rise and then disappears from view as it travels to the right, between the house and the shop.

69.     Only a small portion of the back of plaintiff's home is visible from the bottom of the driveway at the location of the "No Trespassing" sign.

70.     The shop and house are approximately fifty feet apart.

71.     One must continue around the paved driveway another forty-eight feet to arrive at the "front" of the house where the entrance door is located.

72.     The paved driveway, shop and home are surrounded by a thick growth of tall pine trees.

73.     Plaintiff's property and his neighbor's property to the west are separated by an electric fence, woods and other vegetation.

74.     Plaintiff is the only owner of the property on Daisy Street.

75.     Jennifer Johnson owns no interest in her father's property and does not reside at the Daisy Street address.

76.     At the time of her arrest, Jennifer Johnson was living at another address on Overra Road and owns property in her own name at a location other than the Daisy Street address.

77.     Plaintiff had a reasonable expectation of privacy in his driveway, home and shop, and the observations of the officers, which were the product of their trespass up his

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 11

driveway past a clearly posted "No Trespassing" sign, should have been excluded from the probable cause determination which led to issuance of the search warrant.

78.     The Fourth Amendment protects those areas in which a person exhibits an actual (subjective) expectation of privacy and the expectation is one that society is prepared to recognize as reasonable.

79.     By posting the "No Trespassing" sign, plaintiff exhibited a subjective expectation of privacy.

80.     Defendants Halsted and VanGesen made the incriminating observations in the paved area between plaintiff's home and his shop and at the door of the shop.

81.     This area is within the curtilage.

82.     Plaintiff's asserted expectation of privacy was legitimate for Fourth Amendment purposes, as Judge Burgess found.

83.     Plaintiff's home and shop are in close proximity to one another, are connected by a paved area, and are not visible to passers-by from the entrance to plaintiff's driveway.

84.     Plaintiff's entire property is fenced and the only entrance to the property is the driveway which is posted with the "No Trespassing" sign.

85.     The outside perimeter of the property is surrounded by woods and the home, shop and paved area between the two are also surrounded by woods.

86.     Activities within the area of the house, paved area and shop cannot be observed by persons passing by the property.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 12

87.   The driveway is on a steep rise and turns to the right after disappearing beyond the rise, so that any passers-by would see only a small portion of the driveway and the top portion of the back of plaintiff's home.

88.   The area in which the defendants stood while making the incriminating observations cannot be seen from the entrance to the driveway and, therefore, is within the area of land immediately adjacent to the house that is readily identifiable as part and parcel of the house.

89.   At the time the defendants went to plaintiff's property, they had no objective data indicating that plaintiff used his shop for illegal activity rather than those activities associated with the privacies of domestic life.

90.   At the time the defendants went to plaintiff's property, the defendants were not acting on any tip linking plaintiff to any criminal activity and, in fact, the criminal activity with which they were concerned – the purchase of marijuana by Murphy – had already occurred.

91.   The data the defendants were now acting on – the report from 2000 – indicated that Johnson was entitled under Washington state law to grow marijuana on his property for medicinal purposes.

92.   The defendants were also aware that the prosecuting attorney had declined to obtain a warrant and that no further action had been taken against plaintiff as a result of the visit in 2000.

**MUENSTER & KOENIG**
**JOHN R. MUENSTER, INC., P.S.**
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467 7500
FAX: (206)467 0101

COMPLAINT FOR DAMAGES - 13

93.     Plaintiff chose his property because it is entirely protected by thick forest vegetation.

94.     The only access to plaintiff's property is by way of the driveway and only a small part of plaintiff's home can be seen from the public road.

95.     Plaintiff keeps no mailbox at the bottom of his driveway or at his house and he receives all his mail at the post office.

96.     Plaintiff's power meter is located on the driveway so that the meter reader does not approach the house or shop to read the meter.

97.     Plaintiff posted the "No Trespassing" sign in 1993.

98.     The "No Trespassing" sign has kept away all uninvited persons except for the deputies who visited in 2000 and the defendants in May, 2003.

99.     To gain access to the inner area of Johnson's property, the detectives had to travel up the driveway past the "No Trespassing" sign.

100.    The sign was, in fact, present on the evening of May 13th, when the search took place.

101.    Due to its placement, the reflective "No Trespassing" sign was seen by defendants or should have been seen by anyone, including defendants, driving up plaintiff's driveway.

102.    It was dark enough to have the headlights on in defendants' vehicles when they drove up plaintiff's driveway.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON  98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 14

103.   The placement of the "No Trespassing" sign was such that defendants' headlights would have reflected off of the reflective material of the sign.

104.   Plaintiff's property is completely fenced and the driveway, with the "No Trespassing" sign, is the only entry onto plaintiff's property.

105.   The defendants gained entry via the driveway and drove past the "No Trespassing sign with their headlights on where the sign was there to be seen.

106.   The area in which the defendants allegedly smelled marijuana and heard the ballasts was within the curtilage of plaintiff's home.

107.   As a result of the acts and omissions of defendants, plaintiff suffered personal injuries, including, but not limited to, loss of liberty, pain and suffering, emotional distress, property damage, economic loss, and other consequential damages.

## *FIRST CAUSE OF ACTION:*
## *VIOLATION OF FOURTH AMENDMENT PROHIBITION*
## *AGAINST UNREASONABLE SEARCHES AND SEIZURES*

108.   Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 107.

109.   The acts and omissions of defendants herein were done under color of state law, custom or usage.

110.   Plaintiff William Johnson was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 15

111.   William Johnson had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

112.   The acts and omissions of defendants herein proximately caused the deprivation of William Johnson's Fourth Amendment rights.

113.   The property of plaintiff William Johnson was searched and seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

114.   William Johnson had a federally-protected right, under the Fourth Amendment, not to have his property subjected to an unreasonable search and seizure.

115.   The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of William Johnson.

116.   As a proximate result of the acts and omissions of defendants and deprivation of their Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

### SECOND CAUSE OF ACTION:
### SEARCH WITHOUT PROBABLE CAUSE
### IN VIOLATION OF THE FOURTH AMENDMENT

117.   Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 116.

118.   The acts and omissions of defendants were performed under color of state law, custom or usage.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 16

119.   The defendants searched the private property of William Johnson as described hereinabove.

120.   William Johnson had a federally-protected right, under the Fourth Amendment to the United States Constitution, not to have his property searched without probable cause.

121.   The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of the plaintiff.

122.   As a proximate cause of the acts and omissions of defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

### THIRD CAUSE OF ACTION:
### *WARRANTLESS SEARCH OF PROPERTY*
### *IN VIOLATION OF THE FOURTH AMENDMENT*

123.   Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 122.

124.   The acts and omissions of defendants herein were performed under color of state law, custom or usage.

125.   William Johnson had a federally-protected right, under the Fourth Amendment to the United States Constitution, not to have his property searched without a warrant.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 17

126.   The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of the plaintiff.

127.   As a proximate cause of the acts and omissions of defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

### FOURTH CAUSE OF ACTION:
### MUNICIPAL LIABILITY OF
### DEFENDANT CITY AND COUNTY

128.   Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 127.

129.   At all times material to this complaint, defendant City of Poulsbo, by and through its chief of police, and defendant Kitsap County, by and through its sheriff, had in effect certain explicit and *de facto* policies, practices and customs which were applied to the search and seizure of plaintiff's property and seizure of plaintiff.

130.   As described hereinabove, defendant City and County staffed a unit called the West Sound Narcotics Enforcement Team (WestNET) to conduct investigations, searches and seizures of persons and property.

131.   For the purpose of the searches and seizures herein, it was the policy, custom and practice of the defendant City and defendant County to enter plaintiff's property and search it without a warrant, in violation of the Fourth Amendment rights of the plaintiff, as set forth hereinabove.

**MUENSTER & KOENIG**
**JOHN R. MUENSTER, INC., P.S.**
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 18

132.    It was further the policy of the defendant City of Poulsbo, by and through its chief of police, and defendant Kitsap County, by and through its sheriff, to approve, acquiesce, condone and ratify the unreasonable searches and seizures herein in violation of the Fourth Amendment rights of the plaintiff as set forth hereinabove.

133.    Defendants City and County authorized the WestNET team to enter and search private property without a warrant in connection with the WestNET investigations.

134.    For purposes of liability for said policies, practices and/or customs, the Poulsbo police chief and Kitsap County sheriff were the authorized policy makers on police matters, and their decisions, explicit and *de facto*, were and are binding on defendants City and County, respectively.

135.    The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable searches and seizures herein in violation of the Fourth Amendment rights of the plaintiff was a deliberate choice by the defendant City and County, by and through the Poulsbo chief of police and the Kitsap County sheriff.

136.    Pursuant to the defendants' policy approving, acquiescing in, condoning and ratifying the unreasonable searches and seizures herein in violation of the Fourth Amendment rights of the plaintiff, no disciplinary action was taken by the police chief or sheriff against any individual defendant involved in the searches and seizures herein.

137.    These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 19

138.   The above-described policies, practices and customs of defendant City and County proximately caused the deprivation of the Fourth Amendment rights of the plaintiff.

139.   As a proximate result of the above-described policies, practices and customs of the defendant City and County, and as a result of the deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

140.   The Poulsbo police chief and Kitsap County sheriff are not sued in this action at this time.

### FIFTH CAUSE OF ACTION:
### TRESPASS TO PROPERTY, PROPERTY DAMAGE AND/OR WASTE

141.   Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 140.

142.   The actions of defendants constitute the torts of trespass to plaintiff's property, property damage and/or waste.

143.   As a direct, proximate and foreseeable result of the wrongful actions described herein, plaintiff has ben damaged as set forth hereinabove.

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## *SIXTH CAUSE OF ACTION:*
## *CONVERSION*

144.    Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 143.

145.    The actions of defendants constitute the tort of conversion of plaintiff's property.

146.    As a direct, proximate and foreseeable result of the wrongful actions described herein, plaintiff has been damaged as set forth hereinabove.

## *PUNITIVE DAMAGES ALLEGATIONS*

147.    Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 146.

148.    The acts and omissions of the individual defendants herein were motivated by evil motive or intent, or involved reckless or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

## *INDEMNIFICATION*

149.    The city and county (hereinafter "municipal defendants") should indemnify the individual defendants for any damages awarded against them at the trial of this action, including punitive damages.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

COMPLAINT FOR DAMAGES - 21

## *JOINT AND SEVERAL LIABILITY*

150.    The municipal defendants are responsible for the fault of the individual defendants because the individual defendants were acting as agents or servants of the municipal defendants. The municipal defendants are liable for all damages awarded against the individual defendants, including punitive damages.  RCW 4.22.070(1)(a).

## *PRAYER FOR RELIEF*

WHEREFORE, plaintiff prays for relief as follows:

Compensatory Damages:  The defendants should be required to pay compensatory damages in an amount to be proven at trial.

Punitive Damages: The defendants should be required to pay punitive damages in an amount to be proven at trial pursuant to Title 42, United States Code, § 1983; Title 42, United States Code, § 1988; and RCW 4.22.070(1)(a).

Attorneys' Fees:  The defendants should be required to pay plaintiff's reasonable attorneys' fees and costs pursuant to Title 42, United States Code, § 1988.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

1      Other Relief:  The Court should grant the plaintiff such other and further relief as

2  the Court deems just and equitable.

3      DATED this the _____ day of May, 2006.

4

5                  Respectfully submitted,

6                  MUENSTER & KOENIG

7

8

9                  By: _____

10                     JOHN R. MUENSTER

11                     Attorney at Law

12                     WSBA No. 6237

13                  Of Attorneys for Plaintiff William T. Johnson

14

15

16

17

18

19

20

21

22

23

24

25

26

27                    **MUENSTER & KOENIG**

28              **JOHN R. MUENSTER, INC., P.S.**
               1111 THIRD AVE., SUITE 2220
               SEATTLE, WASHINGTON 98101
                (206)467-7500

COMPLAINT FOR DAMAGES - 23            FAX: (206)467-0101